CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
JAN 18 2008
JOHN F. CORCORAN, CLERK
BY: /s/ Janalee
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANDRE JARRARD WALLER,<br>　　Petitioner, | Civil Action No. 7:07CV00337 |
| v. | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA,<br>　　Respondent. | By: Hon. Norman K. Moon<br>United States District Judge |

Petitioner Andre Jarrard Waller, a federal inmate proceeding pro se, brings this action as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Waller alleges in his § 2255 motion that he was improperly sentenced under the United States Sentencing Guidelines ("U.S.S.G.") in that his federal sentence of 120 months should run concurrent to an unexpired sentence for a state court conviction. Waller further alleges that his counsel was ineffective for failing to request this concurrent sentencing at his sentencing hearing. Respondent filed a motion to dismiss and Waller responded, making the matter ripe for disposition. Upon review of the submissions of the parties and the underlying criminal record, Criminal Case No. 3:04-cr-00047, the court finds that Waller waived his current claims in his plea agreement. Accordingly, the court finds that respondent's motion to dismiss must be granted.

I.

On February 16, 2005, Waller was one of seventeen defendants named in a nineteen-count superseding indictment in the Western District of Virginia. On October 11, 2005, Waller pleaded guilty to Count Three of the indictment which charged him with conspiracy to participate in a racketeer influenced and corrupt organization ("RICO"), in violation of Title 18 U.S.C. §§ 1962(d) and 1963. By final judgment order, entered August 21, 2006, the court sentenced Waller to a total

term of 120 months of imprisonment.[1] Waller did not appeal his conviction or sentence. He filed the current § 2255 motion on July 9, 2007.

## II.

To state a claim for relief under § 2255, a petitioner must prove that one of the following occurred: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such a sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255 (2006). Waller bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965); Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998).

## III.

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Waivers of collateral review are analyzed under a two-part analysis in which both the validity and the scope of the waiver are considered. See, e.g., United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994) (holding that a waiver will be enforced if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver). The validity of a waiver "depends on whether the defendant knowingly and intelligently agreed to waive the right." Id. at 731-32. "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court

---

[1] The court notes that this sentence was a significant reduction from Waller's original guideline range of 360 months to life because the government filed a U.S.S.G. § 5K1.1 substantial assistance motion.

2

should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Lemaster, 403 F.3d at 221-22; see also United States v. Brown, 232 F.3d 399, 405-06 (4th Cir. 2000) (holding that a defendant's statements during the plea colloquy and evidence that he discussed the terms of the waiver provision with counsel and fully understood them provide powerful evidence that the waiver is valid). If the court determines that a petitioner's allegations, viewed against the record of the Rule 11 plea hearing, are so "palpably incredible, so patently frivolous or false as to warrant summary dismissal," the court may dismiss the § 2255 motion without a hearing. Lemaster, 403 F.3d at 220 (internal quotations and citations omitted). Although the validity determination is often made based on the "adequacy of the plea colloquy–specifically, whether the district court questioned the defendant about the . . . waiver–the issue ultimately is 'evaluated by reference to the totality of the circumstances.'" United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (quoting United States v. General, 278 F.3d 389, 400 (4th Cir. 2002)). Thus, the determination "'must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.'" Id. (quoting United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992)).

That does not end the inquiry, however. The court must also consider the scope of the plea agreement waiver: that is, whether it prevents the court from considering the particular claims the defendant asserts in his § 2255 motion. The United States Court of Appeals for the Fourth Circuit has distinguished a narrow class of claims that fall outside the scope of an enforceable waiver of direct appeal rights. Issues that a defendant could not reasonably have foreseen when entering into a plea agreement, such as the denial of counsel at any stage of the proceedings following the entry of the plea, the imposition of a sentence above the statutory maximum, or the imposition of a

3

sentence based on a constitutionally impermissible factor such as race, fall outside the scope of the waiver.[2] Attar, 38 F.3d at 732; United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); see also Blick, 408 F.3d at 169-71. Thus, in addition to evaluating the validity of Waller's guilty plea and waiver of § 2255 rights, the court must determine whether each of his § 2255 claims falls within the scope of that waiver.

Here, the record fully establishes that Waller knowingly and intelligently entered a valid guilty plea and waived his right to collaterally attack his sentence, including any proceeding brought under § 2255. In his plea agreement, Waller specifically agreed to "waive [his] right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon [him] by the Court." (Plea Agreement 6.) The language and meaning of the § 2255 waiver is clear and unmistakable, and both Waller and his attorney represented by their initials and signatures on the plea agreement that Waller had been fully advised of, and understood, its terms. Waller further waived "any claim that I may have for ineffective assistance of counsel known and not raised by me with the Court at the time of sentencing." (Plea Agreement 10.) Additionally, Waller does not dispute that he read and understood the collateral attack waiver provision nor does he claim that the waiver provision of that agreement is invalid.

Moreover, pursuant to Federal Rule of Criminal Procedure 11, before accepting the guilty plea, the court engaged in a lengthy colloquy with Waller on October 11, 2005. During the plea colloquy Waller indicated to the court that he was born on February 11, 1980, that he had completed ninth grade, and that he was not under the influence of any medication that hampered his ability to

---

[2] In Lemaster, the court implicitly acknowledged that these discrete claims would also be considered outside the scope of a valid plea agreement waiver of § 2255 rights. 403 F.3d at 220 n.2.

4

understand the courtroom proceedings. The court reviewed with Waller the constitutional rights he forfeited by pleading guilty, and Waller indicated that he understood the rights he was giving up. Waller affirmed that he had been given ample opportunity to consult with his attorney and that he was fully satisfied with the counsel, representation, and advice given by his attorney. The court specifically asked Waller whether he and his counsel had discussed how the sentencing guidelines might apply to his case and Waller, again, answered in the affirmative. The court also noted that Waller would still be bound by his plea agreement even if the sentence imposed was more severe than Waller expected. Waller indicated that he understood. Waller's counsel then summarized the plea agreement for the court and specifically noted Waller's waiver of his right to collaterally attack the conviction. Waller denied that anyone had made any promise to him, outside the provisions of the plea agreement, or otherwise induced him to plead guilty. The court determined, at the conclusion of the plea colloquy, that Waller's plea was knowing and voluntary. Therefore, the court finds that Waller's representations at the plea colloquy support a finding that the waivers in the written plea agreement were knowingly and voluntarily made. Accordingly, the court concludes that Waller's waiver of his right to bring a collateral attack under § 2255 is valid and enforceable.

Finding that the waiver is valid, the court must now determine whether Waller's claims are included within the scope of the waiver. After reviewing the record, the court finds that none of the factors that the Fourth Circuit applied in <u>Attar</u> are applicable here. See <u>Attar</u>, 38 F.3d at 732-33. Waller does not claim that his sentence of 120 months exceeded the statutory maximum for the charges for which he was convicted nor does he allege that his sentence was premised on any constitutionally impermissible factor such as race. A claim of ineffective assistance of counsel at sentencing only falls outside the scope of the collateral attack waiver if the defendant has been

5

completely deprived of counsel. Attar, 38 F.3d at 732-33. A claim that counsel was generally ineffective does not suggest that the defendant was wholly deprived of counsel and, thus, such claims do not fall outside the scope of the collateral attack waiver.³ See Lemaster, 403 F.3d at 219-20 (finding that because defendant knowingly and voluntarily waived his right to appeal and collaterally attack his conviction, his claims that counsel was ineffective by failing to object to the PSR and in failing to move for a downward departure at sentencing were precluded from federal review); Crews v. United States, No. 2:01CR74, slip op. at *6 (E.D. Va. Apr. 05, 2006) (finding that petitioner's claim that his counsel should have argued at sentencing that the court should impose a sentence

---

³ Even assuming that Waller's claim of ineffective assistance of counsel is excepted from the waiver in the plea agreement, it fails on the merits. Waller must prove that counsel's representation fell below "an objective standard of reasonableness" and that, but for counsel's alleged errors, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. Strickland v. Washington, 466 U.S. 668, 687-94 (1984); Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988). Notwithstanding the fact that Waller declared in open court that he was satisfied with the representation of his attorney, Waller fails to even allege, much less demonstrate, that he would have rejected the plea agreement and insisted on going to trial absent counsel's alleged errors. Furthermore, counsel's failure to request that the federal and state sentence run concurrently, pursuant to U.S.S.G. § 5G1.3(b), was proper under the circumstances. U.S.S.G. § 5G1.3(b) states that if "a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction" and "that was the basis for an increase in the offense level for the instant offense," the sentence for the instant offense shall be imposed as follows: (1) "the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons;" and (2) "the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment." First, Waller's Pennsylvania state court convictions in 2005 for aggravated assault, receiving stolen property, possession of a firearm without a license, resisting arrest, and criminal mischief were not considered "relevant conduct" for the purposes of § 5G1.3(b). Waller's criminal history increased his offense level for the instant offense, but the offense conduct of his prior Pennsylvania state convictions were not calculated as relevant conduct towards his instant offense. The pre-sentence report indicates that these convictions arose from an incident in which Waller fired several gun shots at a vehicle on the Pennsylvania Turnpike. Waller's counsel notes in an affidavit filed with the court that the occupants of the vehicle were strangers and the shooting was due to road rage and not related to any type of drug transaction. Regardless of counsel's information, Waller fails to prove that the Pennsylvania state court convictions were in any way related, substantially similar, or connected to the underlying federal drug conspiracy charges as required under U.S.S.G. § 1B1.3. Secondly, the Pennsylvania state convictions were not the basis for an increase in the offense level of Waller's federal offense as Waller contends. The pre-sentence report clearly indicates that the two-level increase to Waller's base offense level was based on possession of a dangerous weapon (including a firearm) during the federal drug conspiracy, not based on the unrelated Pennsylvania firearm charge. Thus, U.S.S.G. § 5G1.3 does not apply in this instance and Waller was not eligible for his state and federal convictions to run concurrently pursuant to that section. Accordingly, Waller was not sentenced improperly and counsel was not ineffective for failing to raise a meritless argument. See Clanton v. Bair, 826 F.2d 1354, 1359 (4th Cir. 1987) (finding that counsel is not ineffective for failing to raise an objection or make a motion for which there is "no obvious basis").

6

concurrent with his state sentence was not analogous to a claim that petitioner was wholly deprived of counsel at sentencing under <u>Attar</u>, so as to bring his claim outside the scope of his valid waiver). Therefore, Waller's claims fall within the scope of the plea agreement waiver and are, thus, not cognizable claims for post conviction relief in a motion brought pursuant to § 2255. Accordingly, the court will grant respondent's motion to dismiss and will deny Waller's motion for relief pursuant to § 2255.

## IV.

"Plea bargains rest on contractual principles, and each party should receive the benefit of its bargain." <u>United States v. Ringling</u>, 988 F.2d 504, 506 (4th Cir. 1993). Waller knowingly and intelligently agreed to waive his right to collaterally attack his sentence in exchange for several concessions made by the United States, and he was sentenced in the manner to which he agreed. The United States has adhered to its part of the plea bargain. Granting Waller relief on the issues he has raised, under these circumstances, would unfairly deny the United States an important benefit of its bargain. Accordingly, the court will grant the motion to dismiss. An appropriate Order shall be issued this day.

The Clerk of the Court is directed to send copies of this Memorandum Opinion and accompanying Order to petitioner and counsel of record for respondent.

ENTER: This 18th day of January, 2008

_____
United States District Judge